1  Ashley Keller (*pro hac vice*)
    ack@kellerlenkner.com
2  Travis Lenkner (*pro hac vice*)
    tdl@kellerlenkner.com
3  Marquel Reddish (*pro hac vice*)
    mpr@kellerlenkner.com
4  KELLER LENKNER LLC
    150 N. Riverside Plaza, Suite 4270
5  Chicago, Illinois 60606
    (312) 741-5220
6
    Warren Postman (*pro hac vice*)
7    wdp@kellerlenkner.com
    KELLER LENKNER LLC
8  1300 I Street, N.W., Suite 400E
    Washington, D.C. 20005
9  (202) 749-8334
10  Keith A. Custis (#218818)
      kcustis@custislawpc.com
11  CUSTIS LAW, P.C.
    1875 Century Park East, Suite 700
12  Los Angeles, California 90067
    (213) 863-4276
13
    *Attorneys for Plaintiffs*
14

Theane Evangelis (#243570)
  tevangelis@gibsondunn.com
Dhananjay S. Manthripragada (#254433)
  dmanthripragada@gibsondunn.com
GIBSON DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Michele L. Maryott (#191993)
  mmaryott@gibsondunn.com
GIBSON DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

*Attorneys for Defendant*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

|  |  |
|---|---|
| DEVAN COSTA and AHMED WADSWORTH, | Case No. 4:19-cv-03046-JST |
| *Plaintiffs*, | **JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |
| vs. | |
| POSTMATES INC., | **Conference:** |
| *Defendant*. | **Date:**       December 17, 2019 |
|  | **Time:**       2:00 p.m. |
|  | **Judge:**      Hon. Jon S. Tigar |

    The parties to the above-titled action jointly submit this JOINT CASE MANAGEMENT
STATEMENT pursuant to the Court's order that the parties update the Court on the status of the
settlement in *Rimler v. Postmates*, No. CGC-18-567868 (San Francisco Super. Ct.).  Dkt. 40.  The

parties recognize that the Court's Standing Order for all Civil Cases provides that all filing deadlines are at 5:00 p.m. unless otherwise ordered, and apologize for this filing's tardiness.

Plaintiffs filed this action on June 3, 2019.  Dkt. 1.  Postmates filed a motion to compel arbitration of Plaintiffs' claims on June 13, 2019.  Dkt. 23.  The parties fully briefed Postmates' motion.  Dkts. 23, 36, 30.  On September 9, 2019, the parties stipulated to continue all case management deadlines, including the initial case management conference, in light of Postmates' motion to compel arbitration.  Dkt. 36.  The Court entered the parties' stipulated proposed order continuing the initial case management conference on September 12, 2019.  Dkt. 37.  It reset the initial case management conference for November 26, 2019.  *Id.*

On September 27, 2019, Postmates filed a Notice of Settlement informing this Court and Plaintiffs of its participation in the proposed class action settlement in *Rimler v. Postmates Inc.*, No. CGC-18-567868 (San Francisco Super. Ct.), and requested a status conference so Postmates could update the Court on the settlement.  *See* Notice of Settlement, Dkt. No. 38.

On October 3, 2019, the Court granted Postmates' motion to compel arbitration and stay litigation.  Dkt. 39.  The next day, "in light of [Postmates's] notice of settlement," the Court vacated its order granting Postmates' motion to compel arbitration and scheduled a case management conference for November 12, 2019 and ordered the parties to submit a joint case management statement on or before November 5, 2019.  *See* Minute Order (Oct. 4, 2019), Dkt. 40.  This Court then continued the case management conference to December 17, 2019 and ordered the parties to submit a joint case management statement on or before December 10, 2019, in response to the California Superior Court rescheduling its hearing on the *Rimler* plaintiffs' motion for preliminary settlement approval from October 23, 2019 to November 22, 2019.  *See* Minute Order (Nov. 6, 2019), Dkt. 42.  On November 26, 2019, the California Superior Court continued the hearing on the motion for preliminary approval of the *Rimler* settlement to January 31, 2020 and ordered supplemental briefing.

1    The parties disagree regarding the management of this case, and have included their

2 respective positions below.  The parties met and conferred regarding their respective positions on

3 December 9, 2019.

4                                    **Plaintiffs' Position**

5    Plaintiffs request that the Court order supplemental briefing on Postmates's motion to

6 compel arbitration, Dkt. 23.  The arbitration agreement that Postmates seeks to enforce against Mr.

7 Costa and Mr. Wadsworth states that Postmates agrees to "waive [its] right to . . . participate in

8 any class and/or collective action."  *See, e.g.*, Campbell Decl., Ex. C § 11B.ii, Dkt. No. 23-4.  For

9 years, Postmates has invoked this provision to compel its couriers to individual arbitration when

10 they have sought to bring class actions against it in court; Postmates has chastised those couriers

11 for "[d]isregarding [their] obligations under the Mutual Arbitration Provisions."  *See, e.g.*,

12 Postmates's Pet. Compel Arb. at 4, 11, *Lee v. Postmates, Inc.*, No. 3:18-cv-03421 (N.D. Cal. July

13 20, 2018), ECF No. 14 ("[T]he Court should find that, by accepting the Fleet Agreement and failing

14 to opt out of the Mutual Arbitration Provision, Plaintiff . . . must arbitrate her claims on an

15 individual basis.").  Yet now that Postmates seemingly believes that a class action is to its benefit,

16 it has ignored the clear terms of its arbitration agreement and participated in the *Rimler* class action.

17 That participation is a material breach of the parties' arbitration agreement.

18    Under California contract law, a "material breach excuses further performance by the

19 innocent party."  *Plotnik v. Meihaus*, 208 Cal. App. 4th 1590, 1602 (2012) (quoting *De Burgh v.*

20 *De Burgh* 39 Cal. 2d 858, 863 (1952)).  The Ninth Circuit has held that this bedrock principle of

21 contract law is available as a defense to a motion to compel arbitration: A party's "breach of its

22 obligations under [an] arbitration agreement deprives it of the right to enforce that agreement."

23 *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1010 (9th Cir. 2005).  Accordingly, because Postmates

24 has materially breached its arbitration agreement as to Plaintiffs, Plaintiffs should be excused from

25 further performance under that agreement.  They are entitled to pursue their claims before this

26 Court.

27

28

1    Both Plaintiffs and, apparently, this Court, were unaware of Postmates's participation in

2  the *Rimler* class action when Plaintiffs were briefing Postmates's motion to compel.  Accordingly,

3  Plaintiffs request the opportunity to provide supplemental briefing on the issue of whether

4  Postmates has breached its arbitration agreement by participating in the *Rimler* class action.

5  Plaintiffs propose the following briefing schedule:

6    1.  Plaintiffs will file an opening brief on January 10, 2020;

7    2.  Postmates will file an opposition brief on or before January 24, 2020;

8    3.  Plaintiffs may file a reply brief on or before January 31, 2020.

9  The Court will hear argument on the briefing on February 19, 2020 at 2:00 p.m.

10                                   **Postmates' Position**

11    Postmates requests that the Court continue the case management conference until February

12  2020, after the preliminary approval hearing in *Rimler v. Postmates*, at which point the parties can

13  update the Court regarding the settlement and its impact on this matter.  Postmates promptly filed

14  its Notice of Settlement shortly after the settlement became public (Dkt. 38), and the Court initially

15  set a case management conference as a result so that the parties could update the Court regarding

16  the status of the settlement and its impact on this matter (*see* Dkt. 40).  The parties stipulated to

17  continue the case management conference "until after the hearing on preliminary settlement

18  approval in *Rimler*" to "allow the parties to more concretely explain to this Court what impact, if

19  any, the *Rimler* settlement might have on this case" (Dkt. 41), and this Court entered the parties'

20  stipulated order (Dkt. 42).  The preliminary approval hearing in *Rimler* has now been continued to

21  January 31, 2020.  To allow the parties to update the Court regarding the status of the *Rimler*

22  settlement and more concretely explain the settlement's impact on this matter, it would be prudent

23  and would conserve the parties' and the Court's resources to continue the case management

24  conference until after the January 31, 2020 hearing.

25    If the Court is not inclined to continue the case management conference and further activity

26  in this case until after the *Rimler* preliminary approval hearing, Postmates respectfully requests

27  that the Court re-enter its order granting Postmates' motion to compel arbitration and staying

28

1    litigation pending arbitration.  *See* Dkt. 39.  Postmates' motion to compel arbitration has already

2    been fully briefed and resolved by this Court, which decided that Plaintiffs' claims must be

3    resolved in individual arbitration.  *See id.* at 5 ("Because 'a valid agreement exists [which]

4    delegates the arbitrability issue to the arbitrator,' the Court must enforce the delegation clause

5    'according to [its] terms' and 'may not decide the arbitrability issue' itself.") (quoting *Henry*

6    *Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019)).

7         Plaintiffs' efforts to reopen briefing on the motion to compel arbitration is prejudicial to

8    Postmates, and inconsistent with the only reason that the Court vacated its order compelling

9    arbitration—so that the parties could update the Court regarding the *Rimler* settlement and its

10   impact on this matter.  *See* Dkt. 38 (notice of settlement requesting that the Court "schedule a

11   status conference in November 2019, so Postmates may update the Court on the status of the class

12   action settlement and discuss the impact of the settlement on the pending motions to compel

13   arbitration"); Dkt. 40 (vacating the order granting the motion to compel arbitration and setting a

14   case management conference "[i]n light of the Defendant's notice of settlement").  If the Court is

15   not inclined to hold the case in abeyance while the *Rimler* court considers the approval of the

16   settlement, then the Court should re-enter its order and the parties can expeditiously commence

17   individual arbitration of Plaintiffs' claims.

18        Postmates further respectfully states that Plaintiffs' request to submit a full round of

19   briefing (through some unspecified procedural vehicle) on the issues raised in their portion of the

20   case management statement is prejudicial to Postmates and unwarranted.  Postmates has already

21   fully briefed a motion to compel arbitration, and it should not be forced to further litigate this case

22   before the Court when Plaintiffs' claims belong in individual arbitration.  To the extent the Court

23   is inclined to permit briefing on the issues raised by Plaintiffs, Postmates respectfully submits that

24   such briefing should be limited to a five-page supplemental brief by Plaintiffs in opposition to

25   Postmates' motion to compel arbitration, and a five-page response by Postmates, with no further

26   briefing allowed absent leave of Court.  Postmates' motion to compel arbitration is dispositive in

27

28

1    this action (*see* Dkt. 36), and Plaintiffs have provided no basis for a full additional round of

2    briefing.

3         Finally, Postmates fully reserves its right to respond to Plaintiffs' claims that Postmates

4    has breached the parties' arbitration agreements.  Plaintiffs provide no case law to support their

5    position, citing instead general principles that a party in breach of an arbitration agreement may

6    not enforce that agreement.  Postmates has done no such thing.  While Postmates fully reserves its

7    rights to present its position in later briefing, if the Court is inclined to entertain Plaintiffs' request,

8    Postmates notes that there is no support for the position that entering into a class settlement waives

9    the right to compel arbitration.  Indeed, public policy favors class action settlements (*Cellphone*

10   *Termination Fee Cases*, 180 Cal. App. 4th 1110, 1118 (2009)), and courts routinely approve class

11   settlements by individuals who have signed arbitration agreements (*see*, *e.g.*, *In re TracFone*

12   *Unlimited Serv. Plan Litig.*, 112 F. Supp. 3d 993, 999 (N.D. Cal. 2015) (approving class settlement

13   even though agreement's arbitration clause contained "a class action waiver")).

14

15

16        Dated: December 10, 2019                    Respectfully submitted,

17        /s/ Ashley Keller                            /s/ Theane Evangelis
          Ashley Keller (*pro hac vice*)              Theane Evangelis (#243570)
18          ack@kellerlenkner.com                       tevangelis@gibsondunn.com
          KELLER LENKNER LLC                           GIBSON DUNN & CRUTCHER LLP
19        150 N. Riverside Plaza, Suite 4270          333 South Grand Avenue
          Chicago, Illinois 60606                     Los Angeles, CA 90071-3197
20        (312) 741-5220                               Telephone: (213) 229-7000
                                                       Facsimile: (213) 229-7520
21

22

23

24

25

26

27

28

1    **<u>PLAINTIFFS' [PROPOSED] CASE MANAGEMENT ORDER</u>**

2          The Court orders that the parties shall brief the issue of whether Postmates has breached

3    its arbitration agreement, as follows:

4          1.   Plaintiffs will file an opening brief on January 10, 2020;

5          2.   Postmates will file an opposition brief on or before January 24, 2020;

6          3.   Plaintiffs may file a reply brief on or before January 31, 2020.

7    The Court will hear argument on the briefing on February 19, 2020 at 2:00 p.m.

8          **IT IS SO ORDERED.**

9

10         Dated _____

11                                                    _____

                                                      Honorable Jon S. Tigar
12                                                    United States District Judge

13

14

15         **<u>DEFENDANT'S [PROPOSED] CASE MANAGEMENT ORDER</u>**

16         The Court orders that a further case management conference is scheduled for February 4,

17   2020 at 2:00 p.m.  Plaintiffs' request for supplemental briefing on the issue of whether Postmates

18   has breached its arbitration agreement is denied.

19

20         **IT IS SO ORDERED.**

21

22         Dated _____

23                                                    _____

                                                      Honorable Jon S. Tigar
24                                                    United States District Judge

25

26

27

28

1

**DECLARATION OF FILER PURSUANT TO CIVIL LOCAL RULE 5-1(i)**

2

     I attest that concurrence in the filing of this document has been obtained from each

3

signatory.

4

     Dated: December 10, 2019                    /s/ Ashley Keller            

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28