UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVAN COSTA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>POSTMATES INC.,<br><br>    Defendant. | Case No. 19-cv-03046-JST<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: ECF No. 49 |

Before the Court is Plaintiffs' motion for reconsideration regarding motion to compel arbitration and stay civil proceedings. ECF No. 49. The Court will deny the motion.

## I. BACKGROUND

Plaintiffs Devan Costa and Ahmed Wadsworth are residents of Los Angeles, California who, until recently, worked full-time as couriers for Postmates. ECF No. 1 ¶¶ 5-6. Postmates deploys couriers to provide on-demand deliveries of food and other items from various partner merchants. *Id.* ¶¶ 13-17. Plaintiffs bring this suit alleging that Postmates has misclassified them as independent contractors. *Id.* ¶ 1. Based on this misclassification, Plaintiffs assert that Postmates has failed to pay them a minimum wage, overtime, and sick time, as required by the Fair Labor Standards Act, the California Labor Code, and Los Angeles County and Municipal ordinances, and in violation of the California Unfair Competition Law. *Id.* ¶¶ 1, 61, 64, 67, 69.

To sign up as a courier, individuals must complete the Postmates Fleet Agreement. ECF No. 23-1 ¶¶ 4-7. Whenever Postmates updates the Fleet Agreement, couriers are required to assent to the new agreement. *Id.* ¶ 9. The Fleet Agreement contains a Mutual Arbitration Provision requiring couriers to resolve any dispute with Postmates through final and binding arbitration. *Id.* ¶ 11. The Fleet Agreement also contains a provision allowing couriers to opt out

1  of the Mutual Arbitration Provision within thirty days of accepting the agreement. *Id.* Costa and
2  Wadsworth each signed three Fleet Agreements: the 2017, 2018, and 2019 agreements. *Id.* ¶¶
3  13-18. Neither Plaintiff opted out of the 2017 or 2018 Arbitration Provision. ECF No. 23-1 ¶¶
4  13-14, 16-17. However, both Plaintiffs opted out of the Mutual Arbitration Provision in the 2019
5  Fleet Agreement within thirty days of accepting the agreement. *Id.* ¶¶ 15, 18.

6  On June 13, 2019, Postmates filed a motion to compel arbitration and stay civil
7  proceedings pursuant to the Mutual Arbitration Provision. ECF No. 23. Plaintiffs opposed the
8  motion, ECF No. 26, and Postmates filed its reply on July 5, 2019, ECF No. 30. On September
9  27, 2019, Postmates notified the Court and Plaintiffs of its "class action settlement in *Rimler v.
10 Postmates, Inc.*, Case No. CGC-18-567868 (San Francisco Super. Ct.)," which "covers the
11 misclassification-based claims asserted by Plaintiffs in this case." ECF No. 38 at 2. On October
12 3, 2019 the Court granted Postmates's motion to compel arbitration ("Arbitration Order"). ECF
13 No. 39. Shortly thereafter, the Court vacated this order in light of Postmates's notice of
14 settlement. ECF No. 40.

15 On March 9, 2020, Plaintiffs filed a motion for reconsideration of the Arbitration Order.
16 ECF No. 49. Plaintiffs argue that Postmates's participation in the *Rimler* class settlement
17 breached the Mutual Arbitration Provision, thereby rendering the provision unenforceable. ECF
18 No. 49 at 12. Postmates opposes this motion, ECF No. 53, and Plaintiffs have filed a reply, ECF
19 No. 54.

20 **II.  JURISDICTION**
21 This Court has jurisdiction pursuant to 28 U.S.C. § 1331.
22 **III. LEGAL STANDARD**
23 "Under Civil Local Rule 7-9(a), a party must seek permission from the court prior to filing
24 a motion for reconsideration." *Chien Van Bui v. City and County of San Francisco*, No. C 11-
25 04189 LB, 2014 WL 12701124, at *2 (N.D. Cal. July 25, 2014) (Citing Civ. L.R. 7-9(a)). A party
26 may seek leave "on three grounds: (1) a material difference in fact or law exists from that which
27 was presented to the court, which, in the exercise of reasonable diligence, the moving party did not
28 know at the time of the order for which reconsideration is sought; (2) the emergence of new

material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments." *Cutlip v. Deutsche Bank National Trust Company for the Harborview Mortgage Loan Trust Pass-Through Certificates 2007-7*, No. 15-cv-01345-BLF, 2015 WL 5964034, at *1 (N.D. Cal. Oct. 13, 2015) (citing Civil L.R. 7-9(b)(1)-(3)).

Even if the court grants a party leave to file a motion for reconsideration, these motions "are disfavored and rarely granted." *Brown v. United States*, Nos. CV 09–8168 ABC, CR 03–847 ABC, 2011 WL 333380, *2 (C.D. Cal. Jan. 31, 2011). "[A] motion for reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Circle Click Media LLC v. Regus Mgmt. Grp. LLC*, No. 12-CV-04000-EMC, 2015 WL 8477293, at *2 (N.D. Cal. Dec. 10, 2015) (quoting *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Under Federal Rule of Civil Procedure 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "Rule 60(b) provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *Id.* (internal quotation marks omitted). The party seeking reconsideration bears the burden of establishing appropriate grounds for that relief. *See U.S. v. Witt*, No. 1:15-cv-00418-LJO-SAB, 2015 WL 5117046, at *1 (E.D. Cal. July 31, 2015).

**IV.  DISCUSSION**

Plaintiffs argue that the Court should reconsider its Arbitration Order because Postmates's participation in the *Rimler* class settlement breached the Mutual Arbitration Provision in the Fleet Agreement, thereby rendering the agreement unenforceable. ECF No. 49 at 12. Plaintiffs contend that Federal Rule of Civil Procedure 60 and Local Rule 7-9 provide grounds for reconsideration because "Postmates's breach was revealed only after briefing was complete on Postmates's

3

Motion to Compel Arbitration."[1]  ECF No. 49 at 12.  However, Plaintiffs fail to establish a basis for reconsideration under either rule.

### A.     Federal Rule of Civil Procedure 60(b)

Plaintiffs first assert that the "newly discovered evidence" of Postmates's participation in the *Rimler* class settlement justifies reconsideration under Rule 60(b)(2).  ECF No. 49 at 12 n.6.  When a movant seeks reconsideration based on "newly discovered evidence," he "'must make three showings': the evidence must be 'newly discovered,' the movant must have exercised 'due diligence' to discover the evidence, and the evidence 'must be of such magnitude that production of it earlier would have been likely to change the disposition of the case.'"  *White v. Square, Inc.*, No. 15-cv-04539-JST, 2016 WL 6647927, at *2 (N.D. Cal. Nov. 9, 2016) (quoting *Coastal Transfer Co. v. Toyota Motor Sales*, U.S.A., 833 F.2d 208, 211 (9th Cir. 1987)).[2]  Plaintiffs make no attempt to show "reasonable diligence" in their submissions aside from stating that they "meet the requirement for a motion for reconsideration because Postmates's breach was revealed only after briefing was complete on Postmates's Motion to Compel Arbitration."  ECF No. 49 at 12 n.6.  They provide no explanation "as to when, or how, or under what circumstances" Plaintiffs first learned of Postmates's participation in the *Rimler* class settlement.  *Balestreri v. United States*, 224 F.2d 915, 917 (9th Cir. 1955).

Moreover, Postmates informed Plaintiffs and the Court of the *Rimler* settlement by filing a notice of settlement five days *before* the Arbitration Order was issued.  *See* ECF Nos. 38, 39; *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (denying reconsideration under Rule 60(b)(2) where counsel received new information eight days before the entry of judgment and holding "[e]vidence 'in the possession of the party before the judgment was

---

[1] Plaintiffs also assert that "the Court can consider this submission as a supplemental brief in opposition to Postmates's Motion to Compel arbitration" rather than a motion for reconsideration.  ECF No. 49 at 12 n.6.  However, the Court already rejected Plaintiffs' request to submit supplemental briefing and, instead, permitted Plaintiffs to file a motion for reconsideration of the Court's Arbitration Order.  ECF Nos. 44, 46.

[2] A plaintiff must make the same three showings to justify reconsideration based on "newly discovered evidence" under Rules 59(e) and 60(b).  *See Coastal Transfer*, 833 F.2d 208, 211 (9th Cir. 1987)).

4

rendered is not newly discovered.'" (citations omitted)); *Imagenetix, Inc. v. GNC Holdings, Inc.*, No. 12-CV-89-H (RBB), 2013 WL 12114630, at *4 (S.D. Cal. Jan. 28, 2013) ("'[N]ewly discovered evidence' is evidence that was not in the possession of the party before the order is issued and could not have been discovered with reasonable diligence" (citing *Coastal Transfer*, 833 F.2d at 212)); *see also PageMasters, Inc. v. Oce-Technologies, B.V.*, No. CIV 05-1519-PHX RCB, 2007 WL 2696854, at *4 (D. Ariz. Sept. 12, 2007) (finding that a License Agreement was not "newly discovered evidence" because it was "[p]ublicly available through the press release on Defendant's website."). Thus, Plaintiffs fail to satisfy the requirements for reconsideration under Rule 60(b)(2). *See Witt*, 2015 WL 5117046, at *1 (noting that the movant bears the burden of establishing grounds for reconsideration).

### B.     Local Rule 7-9(b)

Plaintiffs also assert that the "newly discovered evidence" of Defendant's participation in the *Rimler* class settlement justifies reconsideration under Local Rule 7-9(b). However, Rule 7-9(b) does not provide an independent basis for granting a motion for reconsideration. Rather, it simply outlines the requirements that a party must meet when "seek[ing] permission from the court prior to filing a motion for reconsideration." *Chien Van Bui*, 2014 WL 12701124, at *2. Thus, Plaintiffs may not seek reconsideration of the Arbitration Order on this basis.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration regarding motion to compel arbitration and stay civil proceedings is DENIED.

**IT IS SO ORDERED.**

Dated:  June 26, 2020

JON S. TIGAR
United States District Judge